IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

BRADLEY HUGHES, )
)
    Plaintiff ) Civil Action File No.
vs. ) 7:16-cv-00357-D
)
CAVALRY PORTFOLIO SERVICES, LLC )
    Defendants, )
)

# DEFENDANT'S ANSWER

COMES NOW, Cavalry Portfolio Services, LLC, Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring him to submit his claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

## THIRD DEFENSE

Plaintiff has not been damaged; therefore, Plaintiff may not recover against Defendant.

## FOURTH DEFENSE

Some or all of Plaintiff's claims may be barred by the statute of limitations.

## FIFTH DEFENSE

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

## JURISDICTION

1. Defendant denies the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

## PARTIES

2. The statement contained in Paragraph 2 of the Plaintiff's Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond. To the extent any response is required; Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. The statement contained in Paragraph 4 of the Plaintiff's Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond. To the extent any response is required; Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant admits it is in the business of collection unpaid accounts from debtors located in North Carolina using the mail and telephone.

6. Defendant admits it attempts to collect unpaid accounts due to another.

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

**FACTUAL ALLEGATIONS**

8. Defendant admits the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. Defendant admits Plaintiff's account was placed with it for collections in 2012.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. Defendant admits receiving written correspondence from Plaintiff on May 21, 2012 which was dated May 17, 2012. No exhibit was attached to the

Complaint, therefore, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Defendant admits placing calls to Plaintiff after March 27, 2013. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

# FIRST CAUSE OF ACTION

## Violations of the North Carolina Prohibited Practices by Collection Agencies Statute N.C. Gen. Stat. § 58-70-90, *et seq*.

21. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

22. Defendant denies the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227, *et seq.*

31. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

32. Defendant denies the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34. Defendant admits the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35. Defendant denies that written correspondence to Defendant specifically stated for calls to Plaintiff's cell phone to stop. Defendant denies the remaining allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Plaintiff's Complaint.

### Summary

37. Defendant denies the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Plaintiff's Complaint.

41. Defendant denies that Plaintiff is entitled to any damages.

42. Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of November, 2016.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
N.C. Bar No. 39507

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
jaust@bedardlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| BRADLEY HUGHES, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action File No. |
| vs. | ) | |
| | ) | |
| CAVALRY PORTFOLIO SERVICES, LLC | ) | |
| Defendants, | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the within and foregoing Defendant's Answer by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

Travis E. Collum
Collum & Perry, PLLC
Post Office Box 1739
Mooresville, North Carolina 28115

Respectfully submitted this 16th day of November, 2016.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
N.C. Bar No. 39507